UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

John Senka, Carola Dance, John Senka o/b/o John V. Senka, Carola Dance o/b/o John V. Senka,

Plaintiffs,

Civil Case No. 6:24-cv-06252

vs.

ARKPORT CENTRAL SCHOOL DISTRICT,

Defendant.

# MEMORANDUM OF LAW ON BEHALF OF DEFENDANT ARKPORT CENTRAL SCHOOL DISTRICT IN SUPPORT OF MOTION FOR DISMISSAL

Dated: July 28, 2025
Johnson City, New York

**FERRARA FIORENZA P.C.**
**James A. Gregory, Esq.**
*Attorneys for Defendant Arkport CSD*
520 Columbia Drive, Suite 204
Johnson City, NY 13790
Telephone: (607) 797-4839
Facsimile: (315) 234-9908
Email: jgregory@ferrarafirm.com
Federal Bar Roll No. 302562

## INTRODUCTION

Plaintiffs John Senka and Carola Dance (hereinafter simply "Plaintiffs") filed a Summons and Complaint before the New York State Supreme Court for the County of Steuben purporting to present the following claims, all pertaining to alleged disciplinary action of their minor child by the ("District"):

- A claim regarding Plaintiffs' minor child First Amendment Rights;
- Claims regarding negligence, negligent training, negligent supervision, malicious prosecution under New York State law;
- A claim of Slander under New York State law;

Defendant Arkport Central School District originally removed such action to the Western District of New York. Defendants filed a motion to dismiss in May 2024, which was granted by the Court in June 2025, with permission for the Plaintiff to file an amended Complaint within 30 days. Plaintiffs thereafter filed an amended Complaint on July 15, 2025.

## ARGUMENT

### POINT I

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIRST AMENDMENT AND SECTION 1983 WITH REGARD TO THEIR FIRST AMENDMENT CLAIMS.

Plaintiffs' claims pursuant to the First Amendment must be brought via Section 1983 and may only be brought against the School District if the alleged violations were by the District itself. The Plaintiff must allege that the violations were pursuant to a policy, custom, or practice that satisfies the requirements of *Monell* liability. Because Plaintiffs' Amended Complaint here does not present any allegations meeting the Monell requirements, such claims must fail. Under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim to relief that is plausible on its face, meaning that the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (quotations omitted)); *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009). Legal conclusions stating only threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only *tenders naked assertions devoid of further factual enhancement* will not suffice. *Id.*, 129 S.Ct. at 1949 (internal alterations omitted). A plaintiff must state more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id.; *see Tanzi v. Town of Marlborough*, 2014 U.S. Dist. LEXIS 84691 (N.D.N.Y. 2014).

The Arkport Central School District is a municipality for Section 1983 purposes. Municipal liability under Section 1983 must be founded upon an allegation that the alleged conduct occurred pursuant to a municipal policy, custom, or practice, or represented the actions of a final policymaker of the municipality. *Monell v. Department of Social Services*, 453 U.S. 658, 98 S.Ct. 2018 (1978); *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 257-258, 129 S.Ct. 788 (2008). Most importantly with regard to Plaintiffs' claims, liability of a municipality may not be founded upon respondeat superior principles; to hold a municipality liable, the act of an agent violating a plaintiff's constitutional rights must *implement rather than frustrate the government's policy* such that the municipality, not the individual agent, is the *moving force* behind the alleged injury through its own deliberate action. *Roe v. City of Waterbury*, 542 F.3d 31, 36-37 (2d Cir. 2008). *Official municipal policy* for these purposes *includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350 (2011). Wholly conclusory allegations are insufficient to meet the pleading burden under Rule 8 of the Federal Rules of Civil Procedure and under *Iqbal* and *Twombly*. *See Benacquista v. Spratt*, 217 F.Supp.3d 588, 600 (N.D.N.Y.

2016); *McAllister v. New York City Police Dept.*, 40 F.Supp.2d 688, 705 (S.D.N.Y. 1999) (*Conclusory allegations of a municipality's pattern or policy of unconstitutional behavior are insufficient to establish a Monell claim, absent evidence to support such an allegation*).

Plaintiffs' amended Complaint makes allegations regarding a suspension that his child received from the Arkport Central School District. Plaintiffs' amended Complaint provides an attachment indicating a written decision for a suspension for the child, signed by Principal Claire Smith. However, in Plaintiffs' amended Complaint, Plaintiffs identify Superintendent Jesse Harper as the final policy maker, and refer to Superintendent Harper's "sole discretion". No specific actions are identified by Superintendent Harper. Additionally, while Plaintiffs' state that Mr. Senka attended a meeting of the School Board, the Complaint again does not identify any action, policy, resolution, or decision of the Board in the Complaint. Plaintiffs' amended Complaint therefore is founded in respondeat superior allegations. The Plaintiffs' allege that Superintendent Harper was the final policy maker, yet make no claims about the actions of Mr. Harper with respect to the complained of suspension. Therefore, Plaintiffs' complaint is wholly devoid of any allegation or claims that the alleged First Amendment violations occurred in the manor and nature for which courts have permitted claims to move forward under *Monell*.

Therefore, Plaintiffs' claims which must be pursued under Section 1983 should be dismissed.

## ARGUMENT

## POINT II

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENCE, NEGLIGENT SUPERVISION, NEGLIGENT TRAINING, OR MALICIOUS PROSECUTION.

As noted, under FRCP 12 (b) (6), a Plaintiff must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678. In *Ashcroft*, the Supreme Court suggested a two-prong approach for considering a motion to dismiss. First, the Court identifies the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Next, the court considers the factual allegations in the complaint to determine if the allegations *plausibly suggest an entitlement to relief.* This factual content is necessary to push the claims across the line from *conceivable to plausible*. *Twombley*, 550 U.S. at 570.

With regard to Plaintiffs' claims of negligent staffing, supervision, and training, as well as malicious prosecution, the Plaintiff again has not presented any factual claims as to any deficiencies in the perceived training and supervision of the unidentified District employees.

Indeed Plaintiff does not appear to have supplemented his state law claims in any way from the original Complaint.

The Complaint provides no information regarding the claim for malicious prosecution beyond inclusion of the words "malicious prosecution". The District here is again left to simply guess as to such deficiencies or claims. The vague nature of Plaintiffs' allegations, when separated from the conclusory allegations and legal conclusions which are not afforded the assumption of truth, require that the Court dismiss Plaintiffs' claims of negligence for failure to state a plausible claim for which Plaintiffs are entitled to relief.

## ARGUMENT

## POINT III

## PLAINTIFFS HAVE FAILED TO COMPLY WITH THE NOTICE OF CLAIM FILING REQUIREMENTS OF NEW YORK STATE GENERAL MUNICIPAL LAW SECTION 50-I AND EDUCATION LAW 3813.

Under GML 50-i, Plaintiffs were required to file a Notice of Claim for any tort claims, including claims of negligence and slander, prior to commencing an action or special proceeding. See GML § 50-i. Furthermore, Education Law § 3813(2-b) states:

> *Except as provided in subdivision two of this section and, notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose; provided, however, that nothing contained in this subdivision shall be deemed to modify or supersede any provision of law specifying a shorter period of time in which to commence an action or special proceeding against any such entity. For purposes of this subdivision, a cause of action against the school district of residence for reimbursement of tuition costs incurred pursuant to subdivision four of section thirty-two hundred two of this chapter by the school district in which a family home at board is located shall arise as of the date payment for the amount claimed was denied.*

Plaintiffs' Complaint in this action is devoid of any reference or pleading regarding the filing of a Notice of Claim pursuant to the requirements under GML 50-i or Education Law 3813. Additionally, District Clerk Meghann Khork's affidavit makes clear that the District did not receive any such Notice. Plaintiffs' failure to comply with the requirements of GML 50-i and Education Law 3813 therefore require dismissal of Plaintiff's State claims in Causes of Action Two and Three.

**ARGUMENT**

**POINT IV**

**PLAINTIFFS' SLANDER CLAIM IS INADEQUATELY PLED.**

In addition to the deficiencies discussed in Point III above, Plaintiffs' slander claim fails because it does not provide specificity sufficient to meet even the liberal pleading standard of FRCP 8. The allegations supporting a slander claim must provide sufficient notice of the communications complained of to enable a defendant to defend itself. *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986). The only information in Plaintiffs' Complaint regarding the purported slanderous statements by the District are conclusory paragraphs regarding *calling someone racist*. These allegations do not tell the District who said something, what was said, to whom it was said, or when the alleged statements occurred. While the pleading standard may not

require every piece of such data for every comment, it is not met when the District has been deprived of all of this information for any supposed slanderous statement. It is respectfully submitted that this is an independent basis to dismiss the slander claim against the District.

Dated: July 28, 2025

Respectfully submitted,

**FERRARA FIORENZA P.C.**

By: ______________________________

**James A. Gregory, Esq.**
*Attorneys for Defendant Arkport CSD*
520 Columbia Drive, Suite 204
Johnson City, NY 13790
Telephone: (607) 797-4839
Facsimile: (315) 234-9908
Email: jgregory@ferrarafirm.com
Federal Bar Roll No. 302562