UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

John Senka, Carola Dance, John Senka o/b/o John V. Senka, Carola Dance o/b/o John V. Senka,

Plaintiffs,

vs.

ARKPORT CENTRAL SCHOOL DISTRICT,

Defendant.

**ATTORNEY'S AFFIDAVIT IN REPLY TO PLAINTIFFS' RESPONSE**

**Civil Action No.: 6:24-CV-06252**

STATE OF NEW YORK )
) ss.:
COUNTY OF BROOME )

James A. Gregory being duly sworn deposes and says:

1. I submit this affirmation in reply to the Plaintiffs' response, filed on September 17, 2025.

2. As a preliminary matter, I note that the Plaintiffs' reply was filed more than two weeks after the originally scheduled deadline from the Court of August 29, as set forth in the Court's text scheduling order on July 30, 2025.

3. Defendant Arkport Central School District therefore respectfully requests that the Court not consider Plaintiffs' responsive papers as they were submitted beyond the deadline set by the Court.

4. In the event the Court considers the Plaintiffs' response, the District submits this reply, and notes that it is submitted within the two-week timeline established by the Court for any reply by Defendants (originally September 12, 2025).

5. As noted in the Defendants' motion to dismiss, liability for a municipality under § 1983 cannot be founded on principles of respondeat superior. Here, Plaintiffs' response includes the following language: "The 1983 claim is not under respondent superior because the person involved was not a mere agent of the district but actually is employed by them and therefore the district is responsible for what they do".

6. Plaintiffs have essentially identified the theory of respondeat superior with such language, which is strikingly similar to the Supreme Court's language in Monell v. New York City Dept. of Social Services, 436 U.S. 658, which stated in regard to § 1983, that such language "cannot easily be read to impose liability vicariously on government bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Id.*, at 692.

7. Based on Plaintiffs' allegations that the actions which were the subject of the Complaint, and in consideration of Plaintiffs' additional information in the response, Plaintiff is proceeding on a respondeat superior claim under § 1983, and therefore the Complaint requires dismissal.

8. Finally, Plaintiffs' have presented no information to rebut the affidavit of District Clerk Meghan Khork regarding the failure to file and serve a notice of claim under New York State law. Plaintiff's Complaint contained no pleading regarding compliance with Education Law § 3813 or General Municipal Law § 50-e. The remainder of Plaintiffs' claims under New York State law should therefore be dismissed.

James A. Gregory

Sworn to before me this 1st
day of September, 2025.

Mary Miller Korncavage
Notary Public

MARY MILLER KORNCAVAGE
Notary Public, State of New York
No. 01KO4952367
Qualified in Broome County
Commission Expires 06/19/2027