United States District Court
WESTERN DISTRICT OF NEW YORK

---

In the Matter of the Claim of Notice of Claim
JOHN SENKA
CAROLA DANCE
JOHN J. SENKA O/B/O John V. Senka
CAROLA DANCE O/B/O John V. Senka
Against
ARKPORT CENTRAL SCHOOL DISTRICT

ANSWER TO DISMISSAL
Civil Action No.: 6:24-CV-06252

In response to a motion filed 7-29-25 the plantifs object for the following reasons :

**1)Plaintiff fails to state claim for violation of their minor child's first amendment rights.**

John V. Senka, a student at the Arkport Central School District was harmed in that his 1st Amendment Rights violated. The student punished for protected speech. The school has a policy practice or custom, which represents the actions of a final policy maker of the municipality. See student code of conduct p33k and M see attached On 1/12/2024, John V. Senka was dismissed from school. He was suspended for saying "Beans,Broccoli, and Corn" while off school grounds, specifically: I am asserting a claim under SS 1983 see Ciaotto V Alderman, 709f appx 39,40 (2dcir 2017). It is their policy to punish on any allegation of racism no matter how meritorious or frivolous and even for out of school conduct while not acting as a student. The school was acting out of an express adopted official policy.

**2.) Plaintiffs' claims under the first amendment fail against the district due to the absence of any allegations supporting *Monell* Liability under section 1983 against the district**

plaintiffs do clearly establish that Monell Liability exists in regard to this incident. The Principal and Superintendent are not mere agents of the school, they are employees and therefore the district is responsible for their actions. Damages are the result of these individuals' policy interpretations set forth by these individuals alone. The individuals maintain a long standing policy of not applying or misapplying of school policies. It was their actions and conduct that led to violation of first amendment rights. Testimony

will demonstrate that the superintendent himself in the presence of the principal stated that the issue was " at his sole digression " and did not need the consent of the school board or any other governing body". (This statement was recorded by the plaintiff at the time the statement was made in the presence of principal Claire Smith ). The superintendent clearly established that he was the end policy maker.

( code of conduct)

Such conduct shall include, but is not limited to, threats,intimidation, or abuse on a person's actual perceived race, color, weight, national origin, ethnic group, religion, religious practices, disability, sexual orientation, gender as defined in Education Law Section 11(6), or sex; provided that nothing in this subdivision shall be construed to prohibit a denial of admission into, or exclusion from, a course of instruction based on a person's gender that would be permissible under Education Law Sections 3201-a or 2854(2) (a) and Title IX of the Education amendments of 1972 (20 USC Section 1681, et seq.), or to prohibit, as discrimination based on disability, actions that would be permissible under 504 of the Rehabilitation Act of 1973. (m) Using in either words, clothing, or signs, profane, lewd, vulgar, abusive language or words that may incite or offend another person.

(p) Any willful act which , disrupts the normal operation of the school community,

The Term "School Function" is defined as: All events sponsored by the school district, including for example, extra-curricular activities such as sporting events, dances and theatrical events. Students are at a school function and therefore subject to the district's code of conduct whenever they are at any place as part of their assigned school activities. For Example, this includes classes at BOCES or other campuses, as well as field trips and any event in which the student is participating **as a student of the school**

The superintendent declined to seek the advice of the school board and the school's Insurance carrier to address the constitutionality of his decision. This clearly demonstrates that he considers and presents himself the end policy maker for the school.

**3) Plaintiffs fails to state a claim regarding state-law claims of negligence, slander and other alleged torts**

(17) I repeat and reiterate everything above as if set forth herein. Additionally The defendants are liable

for, negligent staffing, negligent supervision of staff, failure to properly train staff, intentional tort, and any other claim fitting the circumstances allowed by law, malicious prosecution and suspension, harm to the reputation of the child and his parents, all damages of which are estimated to be in excess of one million dollars potentially, depending on how long said harm continues.

(18) The staff was negligently hired, trained and supervised because the suspended our son for saying "Beans, Broccoli, and Corn", alleging with absolutely no merit or evidence he is racist, and/or that he made a racist comment, and causing him and we as his parents great emotional anguish and loss of reputation for our son and for us as our reputation in the community which has been tarnished with allegations of racism.

(19) John Senka has a small business in the community and in general people do not want to do business with racists. The court can take judicial notice of the generally known phenomena of "cancel culture" wherein a person believed to be racist is boycotted and finished career wise. This harm or potential harm is of unknown financial value at this time.

AND FOR A THIRD CAUSE OF ACTION SLANDER/LIBEL

(20) I repeat and reiterate above everything as if set forth herein.

(21) Saying someone is a racist is a very grave and serious matter. Our son and by extension our family was tarnished with this label because our son was suspended for saying "Beans, broccoli and corn" which the staff of the Arkport Central School District for reasons known only to them deemed

racist and offensive, labeled John V. Senka as such and suspended him for his allegedly racist speech.

(22) Being incorrectly labeled racist has cause John V. Senka irreparable harm to his reputation.

(23) The parents of John V. Senka have irreparable harm to their reputation.

4) Plaintiffs state-law claims for negligence slander and other torts fail for failure to file notice of claim as a condition precedent to bringing such claims

plaintiffs disagree notwithstanding the summons and complaint timely filed gave the defendants notice, and they waived the argument by proceeding which demonstrates they had proper notice.

5) Plaintiff fails to state a claim regarding slander under the heightened pleading standards required for such claim.

Defendants fail to specify the heightened standards that the plaintiffs fail to meet.

John J Senka
PO Box 408
BATH NY 14810

CERTIFIED MAIL

9589 0710 5270 2915 8538 46

Retail

UNITED STATES POSTAL SERVICE

14614

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BATH, NY 14810
JUL 29, 2026

$7.53

S2324D502946-06

NYS Western district Court
Attn. Honorable Meredith A. Vacca
100 State St
Rochester NY 14614

USDC-WDNY
JUL 31 2026
ROCHESTER